UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KIM BLANDINO,

    Plaintiff(s),

v.

STEVE SISOLAK, et al.,

    Defendant(s).

Case No.: 2:20-cv-01337-GMN-NJK

**ORDER**

Plaintiff is proceeding in this action *pro se*. Plaintiff has submitted a complaint in an effort to initiate this case. Docket No. 1-1. Plaintiff is currently detained in the in-custody house arrest module at the Clark County Detention Center. *See id.* at 1. Plaintiff previously sought to proceed *in forma pauperis*, but has since paid the filing fee. *See* Docket Nos. 4, 20.

Courts screen the civil complaint of a prisoner seeking redress from a government entity or official. 28 U.S.C. § 1915A.[1] A properly pled complaint must provide a "short and plain statement" of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell*

---

[1] This screening takes place with respect to "any case" brought by a prisoner against a governmental entity or official, even where the plaintiff has paid the filing fee. *See Gillen v. Wanker*, 2015 WL 12658464, at *1 (D. Nev. Oct. 27, 2015), *adopted*, 2016 WL 5939335 (D. Nev. Oct. 11, 2016). A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). Plaintiff is "currently in custody in Clark County as a pretrial detainee," Compl. at 18, and appears to be housed in a facility akin to a halfway house, *see, e.g.*, Docket No. 8 at 2; Docket No. 1-2 at 2-6. Other courts have concluded that a person detained at a halfway house is a "prisoner" under the applicable definition. *See, e.g., Jackson v. Johnson*, 475 F.3d 261, 265-66 (5th Cir. 2007) (interpreting same statutory language at 28 U.S.C. § 1915(h)) (citing *Witzke v. Femal*, 376 F.3d 744, 752 (7th Cir. 2004)).

1

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).[2]  The complaint must set forth coherently who is being sued, for what relief, and on what theory.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995).  Rule 8 has been violated when a complaint is needlessly long, highly repetitious, confused, or comprised of incomprehensible rambling.  *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).  Where claims are brought against multiple defendants, it is important that the complaint concisely alleges which defendants are liable for which wrongs.  *See McHenry*, 84 F.3d at 1178.  Complaints that fail to comply with these requirements are potentially subject to dismissal with prejudice.  *See, e.g.*, *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981).  Prior to dismissal with prejudice, however, the Court should consider whether less drastic alternatives are available.  *Id.* at 674.

Plaintiff's complaint in this case is 61 pages in length, accompanied by an additional 215 pages consisting of 33 exhibits. Docket Nos. 1-1, 1-2, 1-3, 1-4.  Plaintiff is suing Nevada's Governor and Attorney General, this county's Sheriff, and various judges at different levels of the state court system.  Plaintiff's complaint is premised on his displeasure with alleged government and business action related to mask usage during the COVID-19 pandemic and he invokes his religious liberty.  The supporting allegations in the complaint meander widely, including (1) discussions of religious texts, (2) characterizations of various politicians (including those with no apparent tie to Nevada) and/or their alleged conduct, (3) discussion of a football team's trademark dispute, (4) characterizations of the manner in which unrelated judicial proceedings were allegedly conducted, (5) discussion of etiquette at a recent golf tournament, and (6) discussion of the *Star Wars* movies.[3]  The Court declines to parse through the hundreds of pages of Plaintiff's complaint and exhibits in an effort to identify the particular allegations on which Plaintiff believes he has a

---

[2] The filings of *pro se* prisoners are liberally construed, but they must still comply with the requirements established in Rule 8.  *See, e.g.*, *Montgomery v. Las Vegas Metro. Police Dept.*, 2014 WL 3724213, at *3 n.3 (D. Nev. July 28, 2014).

[3] Plaintiff purports to bring this case on behalf of similarly situated persons, *e.g.*, Compl. at 1, which is a nonstarter given Plaintiff's *pro se* status, *see, e.g.*, *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases).  Plaintiff also appears to seek "nationwide" relief, Compl. at 54, but has not explained how he would have standing to challenge policies to which he is not subjected.  It is unclear whether Plaintiff's desire to bring claims on behalf of others or for nationwide relief contributed to the rambling nature of the complaint.

valid cause of action against the particular Defendants he has sued.  Plaintiff must instead present claims in a clear and concise manner as required by Rule 8.

For the reasons explained above, Plaintiff's complaint is **DISMISSED** with leave to amend.  Plaintiff will have until **January 8, 2021**, to file an amended complaint, if the noted deficiencies can be corrected.  If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) in order to make the amended complaint complete.  This is because, as a general rule, an amended complaint supersedes the original complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.  **Failure to file an amended complaint by the deadline set above will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: December 9, 2020

_____
Nancy J. Koppe
United States Magistrate Judge