**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| KIM BLANDINO, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:20-cv-01337-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| STEVE SISOLAK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court are Plaintiff Kim Blandino's ("Plaintiff's") Emergency Motion to Hold Case in Abeyance, (ECF No. 17); Emergency Motion to Withdraw Stay and for Immediate Relief, (ECF No. 21); Motion to Extend Time to File an Amended Complaint, (ECF No. 27); Motion for Order Requiring Defendant to Stop Refusing Mail, (ECF No. 28); and Motion to Consolidate Cases, (ECF No. 30).  Defendants did not file Responses.  For the reasons discussed below, the Court **DENIES** Plaintiff's Motions.

The Court first addresses Plaintiff's Motion to Extend Time to File an Amended Complaint, (ECF No. 27).  On December 9, 2020, Magistrate Judge Nancy J. Koppe dismissed Plaintiff's Complaint with leave to amend. (*See generally* Order, ECF No. 22).  The deadline to amend the Complaint was January 8, 2021. (*See id*.).  Plaintiff did not amend his complaint.  Plaintiff now requests the Court grant him an extension until March 31, 2021 to amend his Complaint. (*See generally* Mot. Extend Time at 5).

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The good cause requirement of Rule 16(b) "primarily

considers the diligence of the party seeking the amendment." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Regarding diligence, "the focus of the inquiry is upon the moving party's reasons for modification." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (1992).

Here, Plaintiff fails to demonstrate "good cause" for granting the Motion for Leave to Amend the Complaint. In the Motion, Plaintiff simply "requests an extension of time til at least March 31, 2021 to file to amend." (Pl.'s Mot. Extend Time at 5). Plaintiff, however, does not provide any reason explaining why an extension is warranted in this case. Instead, Plaintiff, in his Motion to Extend Time to Amend, reiterates the allegations in his Complaint, requests the Court take judicial notice of two pending petitions for *writ of certiorari*,[1] and explains that he may amend the Complaint to add Chief Judge Miranda M. Du as a party to the suit. (*Id.* at 4–5). Such information does not explain why Plaintiff was unable to meet the January 8, 2021 deadline to amend his Complaint.[2] While Plaintiff clearly seeks to amend his Complaint, the Court cannot consider whether to grant an extension without some reason explaining why an extension should be granted. *See Johnson*, 975 F.2d at 610 ("the focus of the inquiry is upon the moving party's reasons for modification."). Because Plaintiff does not provide any excuse for disregarding the January 8, 2021 deadline, the Court therefore denies Plaintiff's Motion to Extend Time to File an Amended Complaint.

//

---

[1] The Supreme Court of the United States denied Plaintiff's petition for writ of certiorari, No. 20-838, on February 22, 2021. *See Kim Blandino v. Nevada, et al.*, 81765-COA, *cert. denied* (U.S. Feb. 22, 2021) (No. 20-838).

[2] The Docket notes that the mail was returned as "Attempted/Not Known" regarding the Order dismissing Plaintiff's Complaint with leave to amend. (*See* Mail Returned as Attempted/Not Known dated Dec. 21, 2020, ECF No. 25). While it may appear that Plaintiff failed to receive notification of the Order, Plaintiff explicitly notes the Order filed December 9, 2020, in the title of his Motion to Extend Time to File an Amended Complaint. (*See* Pl.'s Mot. Extend Time at 1). Any such delay based on late notification of the Order dated December 9, 2020 is, therefore, unpersuasive.

The Order dismissing the case with leave to amend, explicitly states: "failure to file an amended complaint by the deadline will result in the recommended dismissal of this case." (Order 3:12–13, ECF No. 22).  While the Court acknowledges that Plaintiff is proceeding *pro se*, a *pro se* litigant is still "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).  Because Plaintiff failed to amend his Complaint by the deadline and the Court hereby denies his Motion for Leave to Amend the Complaint, the case is dismissed.  All other pending motions are thereby denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Extend Time to File an Amended Complaint, (ECF No. 27), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Emergency Motion to Hold Case in Abeyance, (ECF No. 17), is **DENIED as moot**.

**IT IS ALSO ORDERED** that Plaintiff's Emergency Motion to Withdraw Stay and for Immediate Relief, (ECF No. 21) is **DENIED as moot**.

**IT IS ALSO ORDERED** that Plaintiff's Motion for Order Requiring Defendant to Stop Refusing Mail, (ECF No. 28) is **DENIED as moot**.

**IT IS ALSO ORDERED** that Plaintiff's Emergency Motion to Consolidate Cases, (ECF No. 30), is **DENIED as moot**.

The Clerk of Court is ordered to close the case and enter judgment accordingly.

**DATED** this __15__ day of March, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court